■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENNY JOHNSON, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents.—Order, Supreme Court, Bronx County (Burton Hecht, J.), entered on or about October 25, 1988, which dismissed the petition for a writ of habeas corpus, unanimously reversed, on the law, without costs, the proceeding converted to a proceeding pursuant to CPLR article 78, and the petition granted to the extent of vacating the parole warrant and dismissing the parole violation proceeding.

Appellant was released from incarceration to the respondent Division of Parole on January 20, 1987. He subsequently absconded and was declared delinquent. A parole violation warrant was issued on January 13, 1988. Appellant was arrested in Oregon on July 14, 1988. That same day, Oregon authorities notified the respondent Division of Parole that appellant was being held pursuant to respondent's warrant, as well as a warrant issued by the New York City Police Department. Appellant waived extradition on July 22, 1988. Allegedly, the respondent Division of Parole was notified of the waiver that same day. On August 2, 1988, appellant was taken into custody by respondent and served with a notice of violation of parole. A preliminary violation hearing was scheduled for August 8, 1988, at which probable cause was found to believe that appellant violated a condition of his release.

Appellant then commenced this proceeding seeking a writ of habeas corpus, claiming that he had not been given written notice of the preliminary hearing within three days after execution of the warrant, nor had a preliminary hearing been held within 15 days of the execution of the warrant, as required by Executive Law § 259-i (3) (c) (i) and (iv). Appellant claimed that he did not timely receive notice and a hearing

because the warrant should be deemed executed on July 22, 1988, in accordance with Executive Law § 259-i (3) (a) (iv), which states that the warrant is deemed executed, as is pertinent here, when the respondent Division has received notice that the alleged violator has waived extradition, and when the alleged violator "is detained exclusively on the basis of such warrant" (Executive Law § 259-i [3] [a] [iv]). The court below found that appellant had received all of his procedural rights, since the warrant could not be deemed executed on July 22, 1988, in view of the fact that appellant was also being detained on the basis of another New York warrant.

We disagree with the court below. Executive Law § 259-i (3) (a) was amended in 1984 to obviate the requirement imposed on the respondent Division of Parole by the holding in *People ex rel. Gonzales v Dalsheim* (52 NY2d 9), which held that the parole warrant was deemed executed when lodged in the sister State, unless the respondent Division could prove that the parolee was beyond its convenience and control. The submissions made by appellant amply demonstrate that the legislative intent was to deem the parole violation warrant executed only when the alleged violator was ready for extradition. We read the language "detained exclusively" in accordance with the legislative purpose as meaning that there are no outstanding warrants which pose any impediment to the return of the alleged violator to this State, i.e., warrants issued by States other than New York.

Accordingly, the existence of other warrants issued in this State did not mean that appellant was not "detained exclusively" in Oregon on the basis of the parole violation warrant within the meaning of the statute. Moreover, in response to an argument raised by respondents on appeal, the possible existence of a "fugitive complaint" issued in Oregon is insignificant, since any such complaint is apparently no more than a legal device to hold the alleged violator on the basis of the New York warrants.

The respondent Division now argues that there is no proof that it was advised of appellant's waiver of extradition on July 22, 1988. Since these facts are exclusively within the knowledge of the respondents, we find that the Division was required to do something more than interpose a general denial to raise an issue of fact in this regard. We also observe that this argument is raised for the first time on appeal. Moreover, the burden of proof that appellant was not subject to the control of the Division rests upon the Division. *(People ex rel. Gonzales v Dalsheim, supra.)*

Since the appellant is entitled to relief, but not to renewed parole status or release, because he is being held on unrelated criminal charges, we convert this proceeding to an article 78 proceeding, vacate the parole violation warrant, and dismiss the parole violation proceeding. *(People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391.) Concur—Sullivan, J. P., Carro, Milonas, Ellerin and Wallach, JJ.