OPINION OF THE COURT
Victor M. Ort, J.
In this habeas corpus proceeding petitioner Kevin Willis, an *470 alleged parole violator, challenges the legality of his detention, claiming that he did not receive required written notice of the time, place, and purpose of his preliminary parole revocation hearing within five days of the execution of the warrant as required by Executive Law § 259-i (3) (c) (iii). Specifically, Mr. Willis claims that the parole warrant should be deemed to have been executed on February 17, 1998, the date he was taken into custody in North Carolina. Alternatively, Mr. Willis claims that the parole warrant should be deemed to have been executed on April 17, 1998, the date that the Division of Parole (Parole) received oral notification that Mr. Willis was available for return to New York. Finally, Mr. Willis claims that because a technical parole violation is not a “Treason, Felony, or other Crime” within the meaning of article IV, § 2 of the United States Constitution (the Interstate Rendition Clause), his extradition from North Carolina was unconstitutional. As a corollary thereto, relator argues that CPL 570.52 and 570.54 must be held to be constitutionally infirm to the extent that they permit extradition of parole violators.
The writ was issued August 20, 1998, and the return of Brion Travis, Chairman of the New York State Division of Parole, was submitted on September 14, 1998. The minutes of the hearing were received on September 23, 1998. For the reasons which follow, the writ is sustained and the Division of Parole is directed to restore Mr. Willis to parole status.
Mr. Willis was originally convicted sometime during 1987 of robbery in the first and second degrees and criminal possession of a weapon in the third degree and sentenced to an indeterminate term of 4 to 12 years. Willis was released to parole supervision in May 1990. In April 1992 he was rearrested. After being convicted of criminal sale of a controlled substance in the fifth degree, Mr. Willis was sentenced on September 24, 1992 to a term of two to four years consecutive to his prior sentence with a maximum expiration date of May 14, 2002. He was re-released to parole on June 20, 1994, and his supervision was transferred to North Carolina. As a condition of Willis’ release, he waived his right to resist extradition to the State of New York from any State and from any territory or country outside the United States.
While on parole, Willis was convicted in Beaufort County, North Carolina, on November 9, 1995 of misdemeanor child abuse and sentenced to 36 months’ supervised probation. On April 8, 1996, Willis was convicted in Beaufort County of mis *471 demeanor larceny and sentenced to a 30-day suspended sentence, 24 hours of community service, and fines of $265. On April 18, 1996, Willis was found to have violated his North Carolina probation and resentenced on the child abuse charge to 120 days in jail.
In early April 1996 the New York State Division of Parole was advised by Willis’ North Carolina parole officer of Willis’ November 9,1995 child abuse conviction and sentence to probation. The New York parole officer was also informed by her North Carolina counterpart of Willis’ pending misdemeanor larceny arrest and court date of April 8. At that time, the New York parole officer requested further information regarding the child abuse charges and deferred action with respect to a parole violation until the misdemeanor larceny charges were adjudicated.
On June 13, 1996 North Carolina authorities forwarded a follow-up report to New York Parole indicating that the basis of the child abuse charge was that Willis had struck his 15-year-old daughter in the face causing bruising and swelling on the right side of her face and a cut lip. The report also indicated that Willis had been found guilty of the larceny charge on April 8, that his probation on the child abuse charge had been revoked, and he had been resentenced to 120 days in jail.
On July 1, 1996 a New York State parole warrant was forwarded to the North Carolina interstate authorities for lodging as a detainer against Mr. Willis. On July 19, 1996 Willis’ New York parole officer submitted to the Board of Parole a violation of release report alleging as violations of Willis’ parole the acts underlying the two North Carolina convictions.
On that same date, July 19, 1996, Sherry H. Pilkington, the Assistant Director of Auxiliary Services of the North Carolina Department of Correction, Adult Probation and Parole, wrote to New York Parole that “we have closed supervision interest in this case because parolee received an active in North Carolina.” Ms. Pilkington also returned the parole warrant, advising New York Parole that they should file their warrant by forwarding it to Hazel Keith, the supervisor for combined records, in Raleigh, North Carolina. On July 30, 1996, while Willis was still incarcerated, the New York detainer was refiled in Raleigh. Despite the filing of the detainer, Willis was released from custody in North Carolina on September 18, 1996. On September 27, 1996, North Carolina returned the New York detainer because Willis was no longer in custody.
On April 24, 1997 Willis was rearrested in North Carolina for possession of heroin. He remained in custody on that charge *472 until his conviction on November 18, 1997 when he was placed on probation.
On February 17, 1998, Willis was taken into custody by North Carolina Intensive Probation Officer Jerry Langley for “parole/probation violations.” On that same date New York Parole Officer Rene Romero faxed and mailed a certified copy of the New York detainer to North Carolina and requested to be contacted when Willis was “available”. On March 4, 1998, North Carolina probation authorities lodged a probation warrant against Willis. A hearing on his alleged violation of probation based on failure to report, failure to obtain substance abuse treatment, and violation of curfew was scheduled for March 18, 1998. However, Willis was subsequently discharged from probation by North Carolina, and on April 17, 1998 New York Parole was notified by telephone that Willis was available for return to New York. Parole Officer Romero requested written confirmation of Willis’ availability that same date. Written confirmation was received by fax on April 26, 1998. Willis was served with notice of charges and returned to New York on May 1, 1998.
Executive Law § 259-i (3) (c) (iii) provides, “The alleged violator shall, within three days of the execution of the warrant, be given written notice of the time, place and purpose of the hearing unless he is detained pursuant to the provisions of subparagraph (iv) of paragraph (a) of this subdivision.” Subparagraph (iv) of paragraph (a) in turn provides: “Where the alleged violator is detained in another state pursuant to [a parole] warrant * * * the warrant will not be deemed to be executed until the alleged violator is detained exclusively on the basis of such warrant and the division of parole has received notification that the alleged violator (A) has formally waived extradition to this state or (B) has been ordered extradited to this state pursuant to a judicial determination. The alleged violator will not be considered to be within the convenience and practical control of the division of parole until the warrant is deemed to be executed.” In those instances, the alleged violator will be given written notice of the time, place and purpose of the hearing within five days of the execution of the warrant. (Executive Law § 259-i [3] [c] [iii].)
Without question, the denial of a prompt preliminary parole revocation hearing entitles the parolee to release and restoration to parole. (People ex rel. Gonzalez v Dalsheim, 52 NY2d 9 [1980].) As a threshold matter, the court must determine whether the failure of Parole to give timely notice of the pre *473 liminary revocation hearing entitles a parolee to similar relief. In People ex rel. Williams v Walsh (241 AD2d 979 [4th Dept 1997]), the Appellate Division, Fourth Department, excused a one-day delay in notice and held that the purpose of the three-day rule is to provide adequate notice of the preliminary hearing and that failure to comply with the rule does not directly affect the right to be restored to parole. However, in People ex rel. Johnson v New York State Div. of Parole (148 AD2d 401 [1st Dept 1989]) the First Department held that the failure to give notice and failure to hold a preliminary hearing within the required time periods mandated dismissal of the parole violation proceeding. No Second Department case dealing with the precise issue has been found. In any event, the Attorney-General does not claim that habeas corpus relief is not available to redress a violation of Executive Law § 259-i (3) (c) (iii)’s notice requirements. Accordingly, and bearing in mind that “[t]he procedural requirements contained in the parole revocation statute represent the minimum procedural due process which must be afforded to a parolee” (People ex rel. Walker v Warden, 160 AD2d 498 [1st Dept 1990]), the court holds that habeas relief is available where the Division of Parole fails to give timely notice of a preliminary parole revocation hearing. Thus, the court proceeds to the issue of whether timely notice of the preliminary parole revocation hearing was given to Mr. Willis.
As noted above, relator claims that he was detained exclusively on the basis of the New York parole warrant on February 17, 1998 because, according to Willis, the Division of Parole was under a “continuing duty” to inquire of North Carolina Probation whether any other warrants had been lodged against the parolee. Therefore, he argues that the Division of Parole was required to serve him with written notice within five days of that date. The court rejects that argument. Willis’ claim that he was detained exclusively on the basis of the New York parole warrant when he was taken into custody on February 17, 1998 is not supported by the documentary evidence before the court. The supplemental violation of release report No. 2, upon which Willis relies, states that “On 2/17/98 a memo was sent to the North Carolina Interstate Compact Office by [Parole Officer Romero] requesting that they apprehend the subject and contact New York State Parole when the subject is available for transfer back to New York State for a final revocation hearing” (emphasis supplied). Clearly, the violation of release report shows that the New York State Division of Parole had not *474 received any notification as of February 17, 1998 that Willis was available for return to New York. Also, the North Carolina violation of probation report which was filed on March 4, 1998 alleged that Mr. Willis violated conditions of his probation in various respects between December 19, 1997 and February 15, 1998. Finally, it bears noting that Willis was taken into custody not by a parole official but by his North Carolina probation officer. Thus, the outstanding violation of probation had to be resolved prior to Willis’ being deemed available for his return to New York. While New York Parole may have provided the impetus for Mr. Willis’ arrest, once taken into custody on February 17, he was being detained at least in part for an alleged violation of probation, even though the formal violation report was not filed until subsequent to that date. Since Willis was not available for return to New York until after the local violation of probation was resolved, he was not detained exclusively on the basis of the New York parole warrant.
With regard to the April 17, 1998 date this court reaches a contrary conclusion. Whether the April 17, 1998 date is operable hinges upon the resolution of just what the words “received notification” mean. Relator argues that the conceded oral notification is sufficient. On the other hand, the Attorney-General seeks to excuse Parole’s failure to accord Mr. Willis notice of his preliminary revocation hearing within five days of April 17 (when oral notification was received) on the ground that “written confirmation” of Willis’ availability was not received until April 26. In substance, the respondent contends that the Division of Parole must receive written confirmation that the parolee is being detained exclusively on the New York warrant to trigger its obligation to serve written notice of the preliminary revocation hearing on the parolee. This court does not accept the latter contention.
From the above-quoted language it can be seen that Executive Law § 259-i (3) (a) (iv) refers to a violator being detained exclusively on the parole warrant and the Division of Parole having received notification that the alleged violator has waived extradition or has been ordered extradited. Thus, the notification contemplated by the statute appears to relate to the parolee’s extradition status as opposed to the absence of any local detainers. The statute is silent with respect to the form of notice (oral or written) which will suffice. This court holds that the conceded oral notification in this case was sufficient to begin the five-day notice period. The court notes that Executive Law § 259-i (3) (c) (iii) refers to the alleged violator *475 receiving “written notice” of the time, place and purpose of the preliminary parole revocation hearing. Clearly, the Legislature knew how to require written notification when it intended to provide such a procedural requirement in the parole statutes. Stated otherwise, the absence of a provision for written notification in Executive Law § 259-i (3) (a) (iv) suggests that the Legislature did not intend to impose such a requirement. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 74.) Moreover, since Mr. Willis had previously waived extradition as a condition of his release on parole, formal notification of his waiver of extradition would at best be surplusage which would hardly seem to be necessary. Also, in Johnson (supra), the Appellate Division, First Department, held that the burden of proof that the parolee was not subject to the convenience and practical control of the Division of Parole rests upon the Division of Parole. That the burden of proof with regard to lack of notice that extradition had been waived rests on the Division of Parole suggests that oral notification is sufficient. Consequently, the court holds that oral notice that a parolee is being detained exclusively on the New York warrant triggers Parole’s obligation to serve written notice of the preliminary revocation hearing within five days.* In view of the court’s ruling that Mr. Willis did not receive timely notice of his preliminary parole revocation hearing, the court does not reach Willis’ constitutional argument that an absconder from parole may not be extradited for merely technical violations. With regard to the constitutional claim however, the court notes that Mr. Willis was alleged to have violated his parole by committing crimes in North Carolina, not merely technical violations. Furthermore, by having waived extradition, Mr. Willis would seem to have likewise waived any claim of unconstitutionality concerning the extradition statutes.
Finally, the court notes that Parole Officer Romero had a legitimate concern in confirming that Mr. Willis was indeed ready for return to New York in order to avoid making an unnecessary trip to North Carolina. Certainly, it is understandable that the officer sought written confirmation of Mr. Willis’ availability prior to arranging to travel to that State. Nonetheless, his desire to avoid making a “wasted trip” does not excuse *476 respondent’s failure to comply with the notice provisions of Executive Law § 259-i (3) (c) (iii). Officer Romero could easily have allowed for his concern by sending written notice of the preliminary hearing to Mr. Willis while the officer was waiting for confirmation from North Carolina that the parolee was ready for return to New York.
Because the relator did not receive timely notice of his preliminary parole revocation hearing, the writ of habeas corpus is sustained. The Division of Parole is directed to restore Mr. Willis to parole status.

 People ex rel. Free (W-185, Sup Ct, Nassau County, Santagata, J.) is readily distinguishable. Free dealt with the sufficiency of oral notice that the parolee had waived extradition, not notice that he was being detained exclusively on the New York warrant. Additionally, the oral notice in Free had been provided not by foreign State officials but merely by the parolee.