[801 NE2d 385, 769 NYS2d 165]

In the Matter of RICKY MURRAY, Respondent, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Appellants.

Argued September 10, 2003; decided October 28, 2003

## POINTS OF COUNSEL

*Eliot Spitzer, Attorney General,* Albany (*Eric A. Johnson, Caitlin J. Halligan, Daniel Smirlock* and *Denise A. Hartman* of counsel), for appellants. I. The prerogative to decide whether two sentences will run concurrently or consecutively belongs to the judge who imposes the second sentence. (*Matter of Muntaqim v Herbert,* 277 AD2d 976, 96 NY2d 704; *Mullen v State of New York,* 122 AD2d 300; *Rock v Reed-Prentice Div. of Package Mach. Co.,* 39 NY2d 34; *People v Young,* 94 NY2d 171; *North Carolina v Pearce,* 395 US 711; *People v Van Pelt,* 76 NY2d 156; *Matter of Oquendo v Quinones,* 291 AD2d 593; *Barnett v Carlson,* 744 F2d 1485; *People v Bell,* 138 AD2d 298, 73 NY2d 153.) II. The Department of Correctional Services did not exceed its authority when it decided which of the two inconsistent directives to implement. (*Matter of Muntaqim v Herbert,* 277 AD2d 976, 96 NY2d 704; *Mullen v State of New York,* 122 AD2d 300; *Soon Duck Kim v City of New York,* 90 NY2d 1.)

*Legal Aid Society,* Brooklyn (*Andrew E. Abraham* and *Russell R. Neufeld* of counsel), for respondent. The Appellate Division's affirmance of the Supreme Court's CPLR article 78 order directing the Department of Correctional Services to run petitioner's sentences concurrently should be affirmed. Once the Appellate Division vacated the original 1996 judgment under indictment No. 5174/94, the directive accompanying his 1997 conviction under indictment No. 121/96 that the sentence imposed should be consecutive to the 1996 judgment, became a nullity, and the subsequent directive when petitioner was sentenced in 2000 under indictment No. 5174/94, that that sentence should run concurrently with the sentence under indictment No. 121/96, was controlling. (*Matter of Muntaqim v Herbert,* 277 AD2d 976, 96 NY2d 704; *People v Bell,* 73 NY2d 153; *People v Tychanski,* 78 NY2d 909; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d

539; *People v Robinson*, 95 NY2d 179; *People v Walker*, 81 NY2d 661; *People v Evans*, 94 NY2d 499; *People v Bilsky*, 95 NY2d 172; *People v Malizia*, 62 NY2d 755; *People v Leon*, 264 AD2d 784.)

## OPINION OF THE COURT

READ, J.

In 1996, petitioner was convicted after a jury trial of both criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. The trial judge sentenced him to concurrent indeterminate terms of imprisonment of 7¹/₂ to 15 years. The next year, a second trial judge sentenced petitioner, upon his plea of guilty to manslaughter in the first degree, to an indeterminate term of imprisonment of 7¹/₂ to 15 years. Consistent with the discretion afforded by Penal Law § 70.25 (1) and as provided in the negotiated plea,* the second trial judge specified that petitioner was to serve his sentence for manslaughter consecutively to the undischarged term of the sentence imposed on him the previous year for the unrelated controlled substance convictions.

Upon petitioner's appeal, the Appellate Division reversed the controlled substance convictions, and remitted for a new trial. The Appellate Division, however, found "no reason to reverse the unrelated judgment [of conviction for manslaughter], rendered upon [petitioner's] negotiated plea, where the sentence agreement provided for consecutive sentences" (268 AD2d 349, 350 [2000]).

In lieu of retrial, the People and petitioner negotiated a plea of guilty to criminal sale of a controlled substance in the third degree in exchange for a sentence of 4¹/₂ to 9 years, to be served concurrently with the sentence previously imposed for the manslaughter conviction. Yet a third trial judge sentenced petitioner in accordance with this plea agreement and issued the commitment order.

After his arrival at prison, petitioner asked the Department of Correctional Services (DOCS) to compute his parole eligibility

---

* Penal Law § 70.25 (1) provides, in relevant part, that
"when a person who is subject to [an] undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and the undischarged term or terms in such manner as the court directs at the time of sentence."

date (the date when an inmate's minimum period or minimum aggregate period of imprisonment is satisfied). DOCS, he learned, was computing the time that he owed as though his two sentences were to run consecutively for an aggregate term of 12 to 24 years rather than concurrently for a term of 7½ to 15 years. Petitioner's attorney was subsequently advised of DOCS' position that the Appellate Division's decision in *Matter of Muntaqim v Herbert* (277 AD2d 976 [4th Dept 2000], *lv denied* 96 NY2d 704 [2001]) dictated that the relationship between petitioner's sentences remain consecutive because "so ordered" by the second judge in the sentencing chain. This CPLR article 78 proceeding ensued.

The dispute here boils down to the question of whether, when there is a vacated judgment of conviction and subsequent resentencing of someone subject to an undischarged term of imprisonment, the prerogative to decide whether sentences should run consecutively or concurrently always remains with the second judge who acts in the sentencing sequence. We agree with the Appellate Division below that the sentencing discretion afforded by Penal Law § 70.25 (1) devolves upon the last judge in the sentencing chain, who was the third judge here. Penal Law § 70.30 (5) and CPL 430.10, when read together with Penal Law § 70.25 (1), do not require otherwise. Moreover, divesting the last sentencing judge of this discretion would, as an unwise subsidiary consequence, limit the parties' latitude in negotiating a plea.

Two additional points merit comment. First, *Muntaqim*, which is indistinguishable from the facts of this case, is no longer good law and is not to be followed. Second, DOCS is not free to disregard a commitment order, as it did here.

DOCS claims to have been forced to choose between inconsistent directives—Penal Law § 70.30 (5) as interpreted in *Muntaqim*, the sole appellate authority at the time, and the common-law rule of "last in time." At oral argument, DOCS' attorney, although expressing a preference for the *Muntaqim* rule, candidly asked us simply to establish either rule as the certain one going forward. While we appreciate DOCS' dilemma, "prison officials are *conclusively bound* by the contents of commitment papers accompanying a prisoner" (*Middleton v State of New York*, 54 AD2d 450, 452 [3d Dept 1976], *affd* 43 NY2d 678 [1977] *on op below* [emphasis added]). DOCS' only valid option in circumstances such as these is to comply with the plain terms of the last commitment order received.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT and GRAFFEO concur.

Order affirmed, with costs.