OPINION OF THE COURT
Gerald V. Hayes, J.
*737 The defendant has moved for resentencing pursuant to Penal Law § 70.71 which is part of the 2004 Drug Law Reform Act.
Background
On November 7, 1997, the defendant was sentenced by Judge Marlow upon his conviction by jury as follows:
Criminal possession of a controlled substance in the first degree (A-I felony) 15 years to life
Criminal possession of a controlled substance in the third degree (B felony) I2V2 years to 25 years
Criminal sale of a controlled substance in the third degree (B felony) 12x/2 years to 25 years
Criminal possession of a weapon in the third degree (D armed violent felony) 5 years determinate
Criminal possession of a weapon in the third degree (D armed violent felony) 5 years determinate
All of the crimes were committed on December 23, 1996. The sentences on the drug crimes were ordered to run concurrently. The weapon possession sentences were ordered to run consecutively to the A-I felony.
The conviction was affirmed (258 AD2d 140 [1999]) and leave to appeal denied (94 NY2d 819 [1999]). One of the issues raised in the appeal was the validity of the consecutive sentences.
In December 2003, the defendant moved pursuant to CPL 440.20 that the consecutive sentences were imposed illegally, or that, in the alternative, he should be resentenced to concurrent terms as a matter of fairness, judicial discretion and in the interests of justice.
That application was denied by this court on March 10, 2004.
In addition to the papers now submitted by the parties, the defendant appeared in court with his attorney on August 9, 2005 and each made a statement in support of this application.
*738 Arguments of the Parties
Defendant argues that he should be resentenced because he was only 21 years old at the time of his arrest, and the aggregate weight of the mixture containing the cocaine was 5.25 ounces which, under the Drug Law Reform Act, would constitute only a class A-II felony.
Defendant alleges that he has maintained a good prison record and has worked diligently in prison in a variety of trades.
He also points out that his brother and codefendant, Jose Acevedo, pleaded guilty to a class D felony and received an indeterminate sentence of one to three years.
In addition, defendant requests that any new sentence imposed on the A-I drug felony run concurrently with all other sentences, recognizing that the weapons counts determinate sentences would still be consecutive to the indeterminate sentences on the class B drug felonies.
Defendant contends that this court has the legal authority pursuant to Penal Law § 70.25 (1) to determine whether the sentence should run concurrently or consecutively.
Defendant’s purpose in seeking that the A-I sentence run concurrently is that the new aggregate minimum would be 17x/2 years rather than the present 20 years.
The People express no real objection to resentencing the defendant with respect to the A-I felony but question whether this court should substitute its judgment for that of the original sentencing court and make all of the sentences concurrent.
The defendant’s attorney responds to that argument by pointing out that the defendant is not seeking to have the class B drug felony sentences run concurrently to the weapons sentences but only that the new A-I sentence run concurrently to all of the others.
The defendant argues also that the People are impliedly conceding that the court has the authority to make the A-I sentence concurrent and are opposing such a determination only on discretionary grounds.
The A-I Felony Resentence
Drug Law Reform Act (L 2004 ch 738) § 23 provides that resentence applications should be granted “unless substantial justice dictates that the application should be denied.”
This defendant was only 21 years of age at the time of the commission of the crimes. He was in possession of a little more *739 than five ounces of a mixture containing cocaine. There is no evidence before the court as to any negative behavior by the defendant while in prison, and, because of the other complications (for the defendant) in this case, even with a resentence, he has a significant period of time left to serve on his sentence.
Since the defendant has a prior felony conviction for the violent felony of robbery in the first degree as a juvenile offender, the minimum sentence he can receive now on the A-I drug charge is 15 years with a five-year postrelease supervision period.
Concurrent versus Consecutive
The issues of whether the A-I sentence can or should be made concurrent to the weapons counts are the more difficult.
The first issue is whether this court has the authority to make the sentences concurrent even though the sentencing judge had made them consecutive.
The defendant argues that this court has the authority to make the A-I sentence concurrent to the weapons sentences pursuant to Penal Law § 70.25 (1), the pertinent part of which provides:
“1. Except as provided in subdivisions two, two-a and five of this section, when multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and the undischarged term or terms in such manner as the court directs at the time of sentence.”
I do not see that the defendant is now being sentenced to an additional term of imprisonment here. His original sentence is simply being modified in accord with a statute whose purpose was to reduce prison terms for drug convictions of nonviolent drug offenders and provide retroactive sentencing relief. (See Mem in Support of A 11895, 2004 McKinney’s Session Laws of NY, at 2176.)
It has been held that, where there is a vacated judgment of conviction and subsequent resentencing of someone subject to an undischarged term of imprisonment, the prerogative to decide whether sentences should run consecutively or concur *740 rently remain with the last judge to impose sentence. (Matter of Murray v Goord, 1 NY3d 29 [2003].)
Part of the rationale of the Murray decision is that divesting the last sentencing judge of this discretion would unwisely limit the parties’ latitude in negotiating a plea.
In the instant case, of course, plea negotiation is not an issue. No conviction has been vacated. The Legislature has simply decided that sentence for A-I felony drug convictions should, as a general rule, be ameliorated.
Judge Marlow imposed the weapons determinate sentences to run consecutive to the A-I drug sentence.
Defendant is, in essence, now asking that the weapons sentences be changed, i.e., that they no longer run consecutively to the A-I sentence but rather concurrently.
It is a general rule that a court cannot exercise jurisdiction over a lawfully imposed sentence of imprisonment after the sentence has commenced. “Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced.” (CPL 430.10.)
It would seem, therefore, that Penal Law § 70.25 (1) does not authorize this court to make the A-I sentence concurrent with the weapons counts, and, in fact, CPL 430.10 prohibits that change.
Even if this court had the authority to make the A-I sentence concurrent with the weapons counts, the question is whether that authority should be exercised in this case.
To do so would be akin to some sort of appellate review, i.e., the substitution of my opinion as to the appropriate sentence for that of Judge Marlow. I do not think that appropriate.
Judge Marlow made it quite clear as to why he was imposing consecutive sentences:
“Sometimes judges are faced with people who were convicted of that crime who have a serious drug habit which interferes with their freedom of choice; and the argument is often made in those cases that they possessed and had drugs for sale because they had a habit that they had to feed and, therefore, that is a mitigating circumstance and why you should give them the minimum sentence.
*741 “In many of those cases judges accede to those arguments and give people the minimum sentence of fifteen years to life.
“You don’t have either of those working in your favor.
“You yourself have stated that you never have used drugs or abused drugs, so that means that you came up here from New York to open up a business and the business is putting poison on the streets of Poughkeepsie so that other people can take this poison and ruin their lives. That is what you did, in plain English. You did this over a sustained period of time.
“In addition to that, you have robbed people in the past forcibly. You committed crimes like that.
“You are an intelligent person. You could have done better, but you didn’t.
“So I don’t feel that you should be treated the same way as a person who has a bad drug habit, who may have gotten involved in this to feed a habit, or a person with no previous criminal record who gets involved in something on a one-time basis and gets fifteen years to life because that is what the legislature has said is the minimum appropriate sentence.
“You don’t have that. You are a businessman, or at least you were at the time of this crime. That is exactly what the law is aimed at, people like you, who spread this poison for profit.” (Sentence minutes at 27-28.)
After imposing the sentence, Judge Marlow concluded:
“And I didn’t state it earlier, I intended to, and that is this. The combination of your previous criminal record, your profiteering in drugs on the streets of this city, and then on top of that, having guns and bulletproof vests, is what prompted me to hand out this sentence.” (Sentence minutes at 29.)
Conclusion
Drug Law Reform Act (L 2004 ch 738) § 23 provides that, upon its review of submissions and giving the defendant the opportunity to appear, the court shall specify and inform the defendant of the term of a determinate sentence it would impose upon the conviction for the class A-I felony.
*742 This court would impose a determinate sentence of 15 years which is the minimum sentence that could be imposed as a result of defendant’s prior conviction for a violent felony.
Further, this court would leave undisturbed Judge Marlow’s sentence that the weapons conviction sentences are to run consecutively to the A-I drug felony sentence.
Defendant’s attorney is directed to advise the court on or before September 30, 2005 whether the defendant is going to withdraw his application or appeal from this order. If not, this court will then vacate the sentence imposed originally and impose a determinate sentence in accord with the terms of this decision/order. In addition, the imposition of a five-year postrelease supervision period is required.