928

Keith McDAY, Plaintiff–Appellant,

v.

B. TRAVIS, Commissioner Fraser, Warden Eastmond, New York City Department of Corrections, Parole Officer L. Torrales, Parole Officer P. Fitzpatrick, Parole Officer Marcano, Defendants–Appellees.

No. 05–4269–pr.

United States Court of Appeals, Second Circuit.

Dec. 19, 2008.

Susan E. Engel, Joseph Cascio and Soraya F. Rudofksy, Kirkland & Ellis LLP, Washington, D.C., for Appellant.

Michael A. Cardozo (Larry A. Sonnenshein and Julian L. Kalkstein, of Counsel), Corporation Counsel, City of New York, New York, NY, for Defendants–Appellees New York City Department of Corrections, Commisioner Fraser, and Warden Eastmond.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK and PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Plaintiff–Appellant, Keith McDay, appeals from (1) a January 26, 2005 order of the District Court granting summary judgment in favor of the New York City Department of Corrections ("DOC"), the City of New York ("the City"), Commissioner William Fraser, and Warden Clayton Eastmond; and (2) a February 28, 2005

order of the District Court dismissing his complaint against Brion Travis, Chairman of the New York State Division of Parole, and Parole Officers Luis Torrales, Paul Fitzpatrick, and Harry Marcano ("the State defendants") for failing to serve them within the time frame set out by the District Court. In a summary order of November 19, 2007, we affirmed the judgment of the District Court with respect to all defendants, except the City. *See McDay v. Travis*, —— Fed.Appx. ——, 2007 WL 4102718 (2d Cir.). Based on the record before us, we concluded that the District Court had erred in finding that the City was entitled to judgment as matter of law with respect to plaintiff's "wrongful imprisonment" claims. We directed the Clerk of the Court to solicit the assistance of *pro bono* counsel for plaintiff, who, to that point, had proceeded *pro se*, and we directed the parties to submit supplemental briefs addressing the issue "whether we can and should remand the matter to the district court for augmentation of the record or other further proceedings." *Id.*, at ——, 2007 WL 4102718, at *2. Having reviewed these supplemental materials, we hold that the District Court erred in granting summary judgment to the City.

We review the District Court's grant of summary judgment *de novo. See A & J Produce Corp. v. Bronx Overall Econ. Dev. Corp.*, 542 F.3d 54, 57 (2d Cir.2008). A party is entitled to summary judgment only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). Under this standard, we "must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Roe v. Waterbury*,

542 F.3d 31, 35 (2d Cir.2008) (internal quotation marks omitted).

The materials now before us demonstrate that the District Court incorrectly concluded that the parole warrant serving as the basis for plaintiff's detention "was still in effect" as of July 21, 2002, the conclusion of plaintiff's maximum term of imprisonment. *McDay v. Travis*, 2005 U.S. Dist. LEXIS 43645, at *2 (S.D.N.Y. Jan. 26, 2005). As we explained in our previous order, under New York law a parole warrant provides "sufficient authority to the superintendent or other person in charge of any jail, penitentiary, lockup, or detention pen to whom it is delivered to hold in *temporary detention* the person named therein." N.Y. EXEC. LAW § 259–i(3)(a)(i) (emphasis added). The law further requires that, among other things, the State Division of Parole conduct a probable cause hearing within fifteen (15) days of the issuance of a parole warrant, *see id.* § 259–i(3)(c)(i), and, if probable cause exists, convene a revocation hearing within 90 days of the probable cause hearing, *see id.* § 259–i(3)(f)(i). If these requirements are not timely met, the parole warrant is rendered void, and the prisoner is entitled to be released. *See, e.g., People ex rel. Levy v. Dalsheim*, 66 A.D.2d 827, 411 N.Y.S.2d 343, 344 (2d Dept.1978), *aff'd*, 48 N.Y.2d 1019, 425 N.Y.S.2d 802, 402 N.E.2d 141 (1980); *see also People ex rel Willis v. Travis*, 178 Misc.2d 469, 680 N.Y.S.2d 422, 425 (Sup.Ct. Nassau Co.1998) ("Without question, the denial of a prompt preliminary parole revocation hearing entitles the parolee to release and restoration to parole.").

In this case, it is undisputed that (1) the City detained plaintiff from approximately December 13, 2001 until July 23, 2002—two days beyond his maximum release date; and (2) after July 9, 2002, when felony charges against plaintiff were dis-

missed,[1] the detention was justified solely by a parole warrant. It is also undisputed that plaintiff received neither a probable cause hearing nor a parole revocation hearing, meaning that, under New York law, the parole warrant was invalid fifteen days after the warrant's issuance—to wit, December 28, 2001—and the City lacked legal authority to hold plaintiff on the basis of the warrant after that date.

The record raises questions about plaintiff's detention. First, the Supreme Court has held that parollees facing revocation are, under the Due Process Clause, entitled to a preliminary hearing and a revocation hearing. *See Morrissey v. Brewer,* 408 U.S. 471, 484–90, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). As noted above, plaintiff received neither of these during his eight months of incarceration. Second, it is well established that "an inmate has a liberty interest in being released upon the expiration of his maximum term of imprisonment." *Calhoun v. New York State Div. of Parole Officers,* 999 F.2d 647, 653 (2d Cir.1993). Here, the City held plaintiff beyond his maximum term of imprisonment—exclusively on the basis of a parole warrant that, under New York law, expired approximately eight months prior to his release.

The City asserts that it may not be liable for a violation of plaintiff's due process rights because, according to the City, the State was solely responsible for ensuring that plaintiff received a probable cause hearing in connection with the parole warrant and, if necessary, a revocation hearing. Assuming, for the sake of argument, that the State in fact neglected to ensure that proper procedural safeguards were followed, the City has pointed to no State law or State policy that compelled plaintiff's detention after the dismissal of criminal charges against him.[2] Rather, the record raises the possibility that plaintiff was unconstitutionally detained pursuant to the "execution of a [City] policy or custom." *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding that local governments may be sued for constitutional violations that occur pursuant to a governmental custom, even if the custom has not received formal approval). In particular, an affidavit of a DOC employee, submitted by the City as part of this litigation, states that "a person held in City correctional custody pursuant to a New York State parole warrant will not be released until the warrant is lifted by the State of New York Division of Parole." According to the affidavit, a "[a] parole

1. Both parties agree that criminal charges against plaintiff were dismissed, pursuant to New York speedy trial provisions, because the State failed to prosecute him within six months of his arrest. *See* N.Y.CRIM. PRO. LAW § 30.30(1)(a).

2. The City's reliance on *Murray v. Goord,* 1 N.Y.3d 29, 769 N.Y.S.2d 165, 801 N.E.2d 385 (2003), in which the New York Court of Appeals noted that "prison officials are conclusively bound by the contents of commitment papers accompanying a prisoner," *id.* at 32, 769 N.Y.S.2d 165, 801 N.E.2d 385 (internal quotation marks omitted), is unpersuasive. That case did not purport to establish that a municipality may be obligated to imprison an

individual pursuant to an invalid parole warrant, and the court's brief analysis does not apply under these circumstances. The "commitment papers" discussed in *Murray* were (1) issued by a court, not a parole officer (2) *after* the adjudication of charges against a defendant, *see id.* at 31–32, 769 N.Y.S.2d 165, 801 N.E.2d 385, and (3) provided a basis for the prisoner to be held for an "indeterminate or determinate sentence of imprisonment," *see* N.Y. PENAL LAW § 70.30(5). By contrast, as noted, a parole warrant serves as a basis solely for temporary detention, prior to the adjudication of an alleged parole violation, and is valid only so long as certain procedural safeguards are effectuated.

warrant may only be lifted in one of three ways: (a) the state parole officer physically goes to Riker's Island correctional facility to lift the warrant; (b) a Supreme Court order vacates or dismisses the warrant; or (c) the State of New York Division of Parole vacates the warrant by sending the warrant lift to [DOC]."

Rather than serving as a basis for summary judgment in favor of the City, these uncontradicted assertions might prove to be grounds for the City's liability under 42 U.S.C. § 1983 if they reflect a City policy that resulted in a violation of plaintiff's due process rights. *See Myers v. County of Orange,* 157 F.3d 66, 73 (2d Cir.1998) (recognizing police officers' testimony as sufficient to establish a county "policy" causing a constitutional violation). To be sure, the record does not clearly demonstrate whether the aforementioned regulations may be attributed to the City or the State. However, we note that, at least in this case, the rules were in apparent tension with state law, which explicitly denied the City authority to hold plaintiff on that basis after the warrant expired. *See* N.Y. Exec. Law § 259–i(3)(a)(i); *see also Wayland v. Springdale,* 933 F.2d 668, 670 (8th Cir.1991) (holding that a district court erred in granting summary judgment to a municipality where police officers had no valid basis for continuing a suspect's detention and "were under no obligation to continue to hold him").

The City's argument that it cannot be liable in this case because it held plaintiff pursuant to a "facially valid" parole warrant, *see* Appellee's Br. at 13, is flawed. First, the parole warrant at issue is not in the record before us, and plaintiff has not conceded that it (1) existed and (2) was in fact facially valid. Drawing all reasonable inferences, as we must, in favor of plaintiff, we are not free to conclude that defendant was imprisoned pursuant to a parole warrant that was facially valid in all relevant respects. In any event, as noted above, it appears that any parole warrant in the City's possession ceased to be "facially valid" on or about December 28, 2001, after plaintiff was not afforded a probable cause hearing within fifteen days of its issuance. *See* N.Y. Exec. Law § 259–i(3)(c)(i).

Second, we are aware of no legal authority—and the City has cited none—suggesting that a municipality may not be liable for detaining a parollee on the basis of a parole warrant that is "facially valid," but is in fact void as a matter of law.[3] The City's theory appears to contravene the general rule that "a municipality is liable for even its good faith constitutional violations presuming that the municipality has a policy that causes those violations," *Vives v. City of New York,* 524 F.3d 346, 350 (2d Cir.2008); qualified immunity is not available to municipalities, *id.*; *see also Owen v. Independence,* 445 U.S. 622, 638, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) ("[T]here is no tradition of immunity for municipal corporations, and neither history nor policy supports a construction of § 1983 that would justify ... qualified immunity.... We hold, therefore, that the municipality may not assert the good faith of its officers or agents as a defense to liability under § 1983.").

---

**3.** It may be that the good faith exception to the Fourth Amendment's warrant requirement is the source of the City's theory. The Supreme Court has recognized a good faith exception to the Fourth Amendment's exclusionary rule where police rely on a "facially valid" search or arrest warrant that has with- stood the "detached scrutiny of a neutral magistrate." *United States v. Leon,* 468 U.S. 897, 902, 913, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (internal quotation marks omitted). We need not consider here the theory's possible application in this case, and we intimate no view on that question.

For reasons stated above, the District Court's order of January 26, 2005 is VACATED insofar as it granted summary judgment to the City, and the cause is REMANDED to the District Court for proceedings consistent with this order.