*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015                    106520
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                MEMORANDUM AND ORDER

SCOTT A. CLAPPER,
                        Appellant.
_____


Calendar Date:   October 16, 2015

Before:  McCarthy, J.P., Rose, Lynch and Devine, JJ.

                        _____


        Barrett D. Mack, Albany, for appellant, and appellant
pro se.

        James Sacket, District Attorney, Schoharie (Michael L.
Breen of counsel), for respondent.

                        _____


Lynch, J.

        Appeal from a judgment of the County Court of Schoharie
County (Bartlett III, J.), rendered January 8, 2014, convicting
defendant upon his plea of guilty of the crimes of burglary in
the second degree and burglary in the third degree (three
counts).

        Following a string of burglaries in 2012, defendant was
charged in a three-count indictment with burglary in the second
degree and other crimes, and in a superior court information with
four counts of burglary in the third degree.  Pursuant to a
negotiated combined disposition, defendant entered a guilty plea
to burglary in the second degree and three counts of burglary in
the third degree, agreed to pay restitution and waived his right

to appeal. Consistent with the agreement, defendant was sentenced for the burglary in the second degree conviction to 3½ years in prison followed by five years of postrelease supervision, and to concurrent prison terms of 2 to 6 years on each of the burglary in the third degree convictions, the latter sentences to be served consecutively to the former. Defendant now appeals.[1]

Defendant's challenge to his sentence as harsh and excessive is precluded by his knowing, voluntary and intelligent waiver of appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; see also People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]; People v Callahan, 80 NY2d 273, 280 [1992]). During the plea allocution, County Court explained the nature of the right being waived and made clear that it was separate from the trial-related rights automatically forfeited upon a guilty plea, and ascertained that defendant had discussed it with counsel and that he understood its meaning (see People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Ramos, 7 NY3d 737, 738 [2006]; cf. People v Elmer, 19 NY3d 501, 510 [2012]). He also signed a written appeal waiver in open court. Given defendant's valid appeal waiver, his challenge to the negotiated sentence as harsh and excessive is foreclosed (see People v Smalls, 128 AD3d 1281, 1282 [2015].

With regard to the claims raised in defendant's pro se brief, his contention that he did not receive the effective assistance of counsel is precluded by his appeal waiver except to the extent that it impacts upon the voluntariness of his plea, but it is unpreserved for our review as he failed to make an

---

[1] Although the notice of appeal contains an inaccurate description, in part, of the crimes to which defendant pleaded guilty, we will overlook that error and treat the notice as valid (see CPL 460.10 [6]; People v Saunders, 127 AD3d 1420, 1421 n 1 [2015], lv denied 26 NY3d 935 [2015]). Defendant also has an appeal pending from a burglary conviction in Schenectady County for which the sentence was imposed consecutively to the sentences here (People v Clapper, ___ AD3d ___ [appeal No. 106519, decided herewith]).

appropriate postallocution motion (see People v Kormos, 126 AD3d 1039, 1040 [2015]). Moreover, defendant's claims concern what counsel advised or promised him and the adequacy of his preparation and, as such, implicate matters outside the record before us, which are more appropriately considered in the context of a CPL article 440 motion (see People v Toback, 125 AD3d 1060, 1061-1062 [2015], lv denied 25 NY3d 993 [2015]; People v Guyette, 121 AD3d 1430, 1431 [2014]).

Finally, defendant claims that defense counsel had a conflict of interest based upon the Trial Judge's disclosure at arraignment that he "play[s] golf with [defense counsel] periodically." Defense counsel thereafter stated on the record that "[defendant] indicates that that's acceptable" and no objections were raised. Defendant reiterated that he had no objection prior to entering his guilty plea. As such, any issue regarding a potential conflict was waived (see People v Sanchez, 21 NY3d 216, 223 [2013]; People v Wright, 129 AD3d 1217, 1218 [2015]). Moreover, defendant has not demonstrated on this record that any potential conflict of interest arose or affected counsel's representation, or good cause for the appointment of substitute counsel (see id.; People v Stevenson, 112 AD3d 989, 990 [2013], lv denied 22 NY3d 1159 [2014]).

McCarthy, J.P., Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court