*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015                     106519
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                   MEMORANDUM AND ORDER

SCOTT A. CLAPPER,
                        Appellant.
_____

Calendar Date:  October 16, 2015

Before:  McCarthy, J.P., Rose, Lynch and Devine, JJ.

_____

        Barrett D. Mack, Albany, for appellant, and appellant
pro se.

        Robert M. Carney, District Attorney, Schenectady (Peter M.
Willis of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the Supreme Court (Milano, J.),
rendered December 9, 2013 in Schenectady County, convicting
defendant upon his plea of guilty of the crime of burglary in the
third degree.

        In satisfaction of a three-count indictment, defendant
entered a guilty plea to burglary in the third degree and
executed a written appeal waiver.  The plea agreement provided
that defendant would receive a prison sentence of 1 to 3 years,
to be served consecutively to the sentences expected to be
imposed upon his recent guilty plea in an unrelated matter in
Schoharie County (People v Clapper, ___ AD3d ___ [appeal No.
106520, decided herewith]).  On December 9, 2013, Supreme Court

imposed the agreed-upon prison sentence of 1 to 3 years on this Schenectady County matter, and specified that it was to be served consecutively to the Schoharie County sentences. However, defendant was not sentenced on the Schoharie County matter until January 8, 2014 (id.). Defendant now appeals from the judgment entered in Schenectady County.

Initially, defendant's unchallenged appeal waiver does not preclude his arguments regarding the legality of his sentence (see People v Callahan, 80 NY2d 273, 280 [1992]). As defendant argues, and the People concede, Supreme Court had no authority to direct that the sentence for burglary in the third degree be served consecutively to the Schoharie County sentences that had not yet been imposed (see Penal Law § 70.25 [1]).[1] That is, the "sentencing discretion afforded by Penal Law § 70.25 (1) devolves upon the last judge in the sentencing chain" (Matter of Murray v Goord, 1 NY3d 29, 32 [2003]). Accordingly, the sentence here must be vacated and the matter remitted for resentencing.

With regard to defendant's contentions concerning the ineffectiveness of counsel raised in his pro se brief, they are unpreserved for our review due to defendant's failure to make an appropriate postallocution motion (see People v Kormos, 126 AD3d 1039, 1040 [2015]). Moreover, they concern matters outside of the record on appeal that are more appropriately addressed in the context of a CPL article 440 motion (see People v Toback, 125 AD3d 1060, 1061-1062 [2015], lv denied 25 NY3d 993 [2015]).

McCarthy, J.P., Rose and Devine, JJ., concur.

_____

[1]  The record does not reflect that the People, upon discovering this error, moved, as they should have, to set aside the sentence as illegal (see CPL 440.40 [1]).

ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court