Devine, J.
 

 Appeal from a judgment of the Supreme Court (Milano, J.), rendered January 8, 2016 in Schenectady County, which resentenced defendant upon his plea of guilty of the crime of burglary in the third degree.
 

 In 2013, defendant pleaded guilty to burglary in the third degree and was sentenced, as agreed, to a prison term of 1 to 3 years, said sentence running consecutively to the sentences anticipated to be imposed upon a guilty plea that he had recently entered on an unrelated matter in Schoharie County. This Court vacated the sentence imposed in Schenectady County on the ground that Supreme Court lacked the authority to order that the sentence be served consecutively to sentences that had not yet been imposed (People v Clapper, 133 AD3d 1036, 1036-1037 [2015]).
 
 *
 
 Upon remittal, Supreme Court imposed the agreed-upon sentence of 1 to 3 years in prison, to be served consecutively to the sentences that had been imposed in Schoharie County. Defendant now appeals.
 

 We affirm. Initially, inasmuch as defendant has been continuously incarcerated since the imposition of the original sentence and was provided an opportunity to address the court prior to resentencing, Supreme Court did not abuse its discretion in imposing the resentence without an updated presentence investigation report (see People v Kuey, 83 NY2d 278, 282-283 [1994]; People v Robinson, 123 AD3d 1224, 1228 [2014], lv denied 25 NY3d 992 [2015]). As to the sentence itself, when a defendant is resentenced while subject to a undischarged prison term, the sentencing court may run the sentences consecutively (see Penal Law § 70.25 [1]; Matter of Murray v Goord, 1 NY3d 29, 32 [2003]). Defendant here was aware of the terms of the sentences that he was to receive in Schoharie County at the time that he entered his plea in this matter, as well as that the sentence in this matter would run consecutively to them. The agreed-upon sentence was a legal one and, in our view, Supreme Court did not abuse its discretion by imposing it upon remittal (see generally People v Dozier, 109 AD3d 838, 839 [2013], lv denied 22 NY3d 1040 [2013]).
 

 McCarthy, J.P., Garry, Rose and Clark, JJ., concur.
 

 Ordered that the judgment is affirmed.
 

 *
 

 Defendant was sentenced in Schoharie County to 3V2 years in prison on a conviction for burglary in the second degree and concurrent prison terms of 2 to 6 years on convictions for burglary in the third degree (three counts), with the latter sentences to be served consecutively to the former (People v Clapper, 133 AD3d 1037 [2015], lv denied 27 NY3d 995 [2016]).