People v Hawkins (2019 NY Slip Op 07959)





People v Hawkins


2019 NY Slip Op 07959


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

109766

[*1]The People of the State of New York, Respondent,
v
Matthew Hawkins, Appellant.

Calendar Date: October 18, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Tara B. Wells, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered August 10, 2017, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and burglary in the third degree.
Pursuant to a negotiated plea agreement, defendant waived indictment and entered a plea of guilty to burglary in the second and third degrees, as charged in a superior court information. Defendant also orally waived his right to appeal and signed a written waiver of appeal in open court. In accordance with the plea agreement, defendant was sentenced, as a second felony offender, to concurrent prison sentences, the maximum of which was 10 years followed by five years of postrelease supervision, and ordered to pay restitution. Defendant appeals.
Defendant's unchallenged oral and written waiver of appeal precludes his claims of ineffective assistance of counsel except to the extent that the claims impacted upon the voluntariness of his guilty plea (see People v Clapper, 133 AD3d 1037, 1038 [2015], lv denied 27 NY3d 995 [2016]). However, defendant failed to preserve such claims for our review through an appropriate postallocution motion to withdraw his guilty plea, despite ample opportunity to do so prior to sentencing (see CPL 220.60 [3]; People v Horton, 173 AD3d 1342, 1343-1344 [2019], lv denied 34 NY3d 932 [2019]; People v Prince, 170 AD3d 1380, 1381-1382 [2019]). Moreover, the narrow exception to the preservation requirement is inapplicable, as defendant made no statements that were inconsistent with his guilt or otherwise called into question the voluntariness of his guilty plea (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Prince, 170 AD3d at 1382).
Egan Jr., J.P., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.