People v Bullock (2022 NY Slip Op 02207)





People v Bullock


2022 NY Slip Op 02207


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Renwick, J.P., Gesmer, Singh, Rodriguez, JJ. 


Ind No. 3201/16 Appeal No. 15639 Case No. 2017-2574 

[*1]The People of the State of New York, Respondent,
v
Melik Bullock, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (DÉsirÉe Sheridan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered March 29, 2017, as amended August 2 and 3, 2017, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him to a term of five years, consecutive to a sentence imposed in Bronx County, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
The court lawfully resentenced defendant. Ten days after defendant pleaded guilty under three indictments in Bronx County to first-degree robbery and attempted robbery in three separate incidents, defendant committed the instant attempted robbery in Manhattan. Thereafter, defendant pleaded guilty to attempted first-degree robbery in exchange for a promised sentence of five years, to run consecutively to the sentences that would be imposed for the Bronx crimes, with all parties expecting that the Bronx sentence would be imposed first. The court adjourned the proceedings for sentencing after the anticipated sentencing date in the Bronx. After an additional adjournment, the court imposed the promised consecutive sentence, under the factually mistaken belief that defendant had already been sentenced in Bronx County. The New York County sentence was illegal, only because a court may not impose a sentence to run consecutively to a sentence in another case where the defendant has not yet been sentenced (see Penal Law 70.25[1]; People v Clapper, 133 AD3d 1036, 1036-1037 [3d Dept 2015]). However, the promised consecutive sentence would have been within the court's lawful authority had the facts been as the court mistakenly believed, that is, that the Bronx sentence had been imposed first (compare People v Barthel, 199 AD3d 32, 38-44 [4th Dept 2021], lv denied 37 NY3d 1058 [2021]).
Accordingly, the court had the inherent authority to correct the error that rendered the sentence unlawful (see People v DeValle, 94 NY2d 870, 871-872 [2000]). When the court set aside its illegal consecutive sentence, the Bronx court had already imposed sentence on the Bronx robberies. Thus, New York County Supreme Court was "the last judge in the sentencing chain" and had the discretion to reimpose consecutive sentences (Matter of Murray v Goord, 1 NY3d 29, 32 [2003]). Even where the judge is last in the chain because the first sentence in the chain was vacated and then reimposed, the last judge's choice of concurrent or consecutive sentences controls (Murray, 1 NY3d at 32; see People v Clapper, 153 AD3d 1452, 1453 [3d Dept 2017]).
Further, CPL 430.10 does not prevent a court from exercising its "inherent authority to correct illegal sentences" (see People v Williams, 14 NY3d 198, 212 [2010], cert denied 562 US 947 [2010]). While CPL 430.10 prohibits a judge from changing a sentence once a defendant has begun serving it, the statute applies only where "such sentence is in accordance with law." Finally, [*2]even if the court could have rendered its sentence lawful by simply resentencing defendant to a term that was concurrent with the Bronx sentence, it was under no obligation to do so.
We perceive no basis for reducing the sentence.
Based on our own interest of justice powers and the People's consent, we vacate the surcharge and fees imposed at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022