THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH NICELLI, Appellant. [904 NYS2d 119]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered January 26, 2009, convicting him of enterprise corruption, body stealing (4 counts), opening graves (4 counts), unlawful dissection of a human being (4 counts), forgery in the second degree (9 counts), forgery in the third degree (9 counts), criminal possession of a forged instrument in the second degree (9 counts), criminal possession of a forged instrument in the third degree (9 counts), falsifying business records in the first degree (36 counts), grand larceny in the third degree (10 counts), grand larceny in the fourth degree (8 counts), reckless endangerment in the first degree (9 counts), reckless endangerment in the second degree (9 counts), and scheme to defraud in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Pursuant to CPL 220.10 (2), the defendant exercised his statutory right to plead guilty to all counts charged in the indictment without having been offered a plea agreement from either the District Attorney or the Supreme Court. The Supreme Court advised the defendant that despite his plea of guilty, it was making no promises as to sentence on any count, and reserved its right to sentence the defendant to consecutive terms of imprisonment where appropriate. On January 26, 2009, the defendant was sentenced to an indeterminate term of 8 to 24 years imprisonment for the conviction of enterprise corruption, a class B felony, and concurrent terms of imprisonment on the remaining 121 counts of the indictment. The defendant contends on appeal that the sentence is excessive.

Prior to pleading guilty, the Supreme Court required the defendant to execute a waiver of his right to appeal. On appeal, the defendant contends that the waiver was invalid as it was not based upon any promise or concession by the Supreme Court or the prosecutor. Although the Court of Appeals has determined that a waiver of the right to appeal, when knowingly and voluntarily entered into, precludes any challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248 [2006]), the basis for that policy is "that the public interest concerns underlying plea bargains generally are served by enforcing waivers of the right to appeal. Indeed, such waivers advance that interest, for the State's legitimate interest in finality extends to the sentence itself and to holding defendants to bargains they have made" (People v Seaberg, 74 NY2d 1, 10 [1989]). However, in this case, as there was no promise, plea agreement, reduced charge, or any other bargain or consideration given to the defendant in

exchange for his plea, it was improper for the Supreme Court to require the defendant to waive his right to appeal (see People v Coles, 13 AD3d 665 [2004]; People v Meiner, 20 AD3d 778 [2005]). As the defendant's waiver of his right to appeal was invalid, it does not preclude the defendant's challenge to his sentence as excessive.

The defendant was one of several funeral directors who participated in and profited from the activities of a human tissue-harvesting business that constituted a criminal enterprise, pursuant to Penal Law § 460.20 (1) (a). The defendant played an integral role in the enterprise. He supplied cadavers to the enterprise, which then harvested tissue and forged consents from next of kin and forged medical and social histories of the decedents in order to deceive the tissue-processing companies to accept tissue from cadavers that would not, because of their medical conditions, otherwise be acceptable as donors. During the time of his involvement, the defendant admittedly supplied approximately .100 cadavers to the enterprise, without the consent of next of kin, and received more than $100,000 for his efforts.

Under the circumstances of this case, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Miller, Austin and Roman, JJ., concur.