Peters, P.J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 27, 2011, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, conspiracy in the fourth degree and attempted petit larceny, and the violation of unlawful possession of marihuana.
In 2010, defendant and a codefendant were charged in an indictment with various offenses arising out of their entry into a residence. Defendant pleaded guilty to the entire indictment and waived his right to appeal without consideration. He was thereafter sentenced to an aggregate prison term of 8V2 years, to be followed by five years of postrelease supervision. He appeals, and we affirm.
Contrary to the People’s assertion, defendant was not required to move to withdraw his plea or vacate the judgment of conviction in order to preserve his challenge to the validity of his appeal waiver (see People v Baliraj, 101 AD3d 1175, 1176 *1047 [2012]; People v Lewis, 48 AD3d 880, 880-881 [2008]). Having exercised his statutory right to plead guilty to all of the charges levied against him in the indictment and inasmuch as “no promise, plea agreement, reduced charge, or any other bargain or consideration” was given in exchange for that plea, defendant was improperly required to waive his right to appeal (People v Nicelli, 74 AD3d 1235, 1236 [2010]; see CPL 220.10 [2]; People v Meiner, 20 AD3d 778, 778 n [2005]; People v Coles, 13 AD3d 665, 666 [2004]).
County Court’s treatment of defense counsel prompted a recusal request, which was later withdrawn. Thus, defendant’s claims surrounding the court’s improper conduct are unpreserved (see People v White, 81 AD3d 1039, 1039 [2011]; People v Mao-Sheng Lin, 50 AD3d 1251, 1253 [2008], lv denied 10 NY3d 961 [2008]; see also People v Carroway, 84 AD3d 1501, 1501 [2011], lv denied 17 NY3d 805 [2011]).
Defendant’s remaining assertion, that the sentence imposed was harsh and excessive, is without merit. County Court accepted defendant’s contrition as genuine and appropriately took into account his age, criminal history, mental health and substance abuse issues, as well as his role in the charged offenses, in imposing a lighter sentence than that requested by the People. We thus perceive no abuse of discretion or extraordinary circumstances that would warrant a reduction in the sentence (see People v Sturdevant, 74 AD3d 1491, 1495 [2010], lv denied 15 NY3d 810 [2010]; People v Wood, 299 AD2d 739, 744 [2002], Iv denied 99 NY2d 621 [2003]).
Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.