Garry, J.
Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered January 4, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.
Defendant collided with a State Police vehicle on the New York State Thruway in Madison County and, in the inquiry that ensued, cocaine and marihuana were found in his possession. He ultimately pleaded guilty to one count of criminal possession of a controlled substance in the second degree and waived his right to appeal. County Court sentenced him, as agreed, to a prison term of four years to be followed by postrelease supervision of five years. Defendant now appeals, and we affirm.
During the plea colloquy, defendant stated that he understood the terms of the plea agreement, which included the requirement that he waive his right to appeal the conviction and sentence. He was then advised at sentencing with regard to the separate and distinct rights he was forfeiting by waiving his right to appeal, discussed the issue with counsel to his satisfaction, and both executed a written appeal waiver and professed his continuing willingness to do so if the agreed-upon sentence was imposed. Under these circumstances, we conclude that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Sylvan, 107 AD3d 1044, 1045 [2013]; People v Collins, 53 AD3d 932, 933 [2008], lv denied 11 NY3d 831 [2008]).
Defendant’s further contention that his guilty plea was not knowingly, voluntarily and intelligently entered is unpreserved, *1000 inasmuch as the record does not indicate that he moved to withdraw his guilty plea or to vacate the judgment of conviction (see People v Gruber, 108 AD3d 877, 877 [2013], lv denied 22 NY3d 956 [2013]; People v Stroman, 107 AD3d 1023, 1025 [2013], lv denied 21 NY3d 1046 [2013]). He further made no statements during the plea colloquy that called either his guilt or the voluntariness of his plea into question and, accordingly, this case does not fall within the narrow exception to the preservation doctrine (see id.).
Defendant’s remaining argument, that the sentence imposed was harsh and excessive, is precluded by his valid appeal waiver (see People v Sylvan, 107 AD3d at 1045).
McCarthy, J.R, Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.