THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE TOBACK, Appellant. [3 NYS3d 444]—

Lahtinen, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.). rendered June 18, 2013, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.

In satisfaction of a five-count indictment stemming from defendant's sexual contact on two occasions with a girl under the age of 13 in 2012 when he was 22 years old, defendant entered a guilty plea to criminal sexual act in the first degree. Pursuant to the agreement, defendant waived his right to appeal and was sentenced to five years in prison with 15 years of postrelease supervision. Defendant now appeals.

We affirm. Contrary to defendant's claims, his guilty plea and appeal waiver were, in all respects, knowing, voluntary and intelligent (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Ford, 86 NY2d 397, 402-403 [1995]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]). Although his challenge to his plea as involuntary survives the appeal waiver, it was not preserved by an appropriate postallocution motion (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Waite, 120 AD3d 1446, 1447 [2014]). Moreover, a review of the plea colloquy reflects that he was fully apprised of the terms of the plea agreement, the rights he was relinquishing and the consequences of his plea, and made no statements calling into question the voluntariness of his plea or his guilt so as to implicate the exception to the preservation requirement (see People v Tyrell, 22 NY3d 359, 363-364 [2013]; People v Lopez, 71 NY2d 662, 665-666 [1988]). With regard to the appeal waiver, County Court explained its meaning and that it was separate from the trial-related rights automatically forfeited by defendant's plea, and ascertained that he had reviewed it with counsel, understood it and had no questions about it, and defendant signed a written waiver in open court. This established the knowing, voluntary and intelligent nature of defendant's appeal waiver (see People v Ramos, 7 NY3d 737, 738 [2006]; People v Lopez, 6 NY3d at 256; compare People v Bradshaw, 18 NY3d at 264-265; People v Fate, 117 AD3d 1327, 1328 [2014], lv denied 24 NY3d 1083 [2014]). Defendant's valid appeal waiver precludes his arguments that the agreed-upon sentence was harsh and excessive or that the plea allocution was insufficient (see People v Lopez, 6 NY3d at 253, 255-256; People v Miner, 120 AD3d 1449, 1450 [2014]; People v Durham, 110 AD3d 1145, 1145 [2013]).

While defendant's ineffective assistance of counsel claim survives his appeal waiver to the extent that they implicate the voluntariness of his plea (see People v Howard, 119 AD3d 1090, 1091 [2014], lv denied 24 NY3d 961 [2014]; People v Devino, 110 AD3d 1146, 1147 [2013]), defendant's arguments are directed at what counsel advised him, which is not found in the record. Rather, it concerns matters outside the record

and should be raised in a postconviction motion under CPL article 440 (*see People v Haffiz*, 19 NY3d 883, 885 [2012]; *People v Fate*, 117 AD3d at 1329).

Garry, Rose and Devine, JJ., concur. Ordered that the judgment is affirmed.