■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS VELLON JR., Appellant. [10 NYS3d 347]—

Clark, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered October 19, 2012 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to criminal sale of a controlled substance in the third degree in satisfaction of a two-count indictment and waived his right to appeal. As part of his negotiated plea, defendant signed a stipulation forfeiting $337,720 that was allegedly seized in relation to the crimes charged. Sentenced pursuant to his plea agreement to a prison term of eight years with two years of postrelease supervision, defendant now appeals.

Defendant initially contends that his plea was not voluntary, as he was rushed into agreeing to its terms without fully understanding the rights that he was giving up or the ultimate consequences of the plea. This contention is unpreserved for our review, given defendant's failure to make an appropriate postallocution motion (*see People v Royce*, 122 AD3d 1008, 1009 [2014]; *People v Tole*, 119 AD3d 982, 983 [2014]). In any event, the transcript of the plea colloquy establishes that defendant knowingly, voluntarily and intelligently pleaded guilty, after being provided with sufficient time to discuss the plea with his counsel and to consider its implications (*see People v Toback*, 125 AD3d 1060, 1061 [2015], *lv denied* 25 NY3d 993 [Apr. 9, 2015]; *People v Spellicy*, 123 AD3d 1228, 1229-1230 [2014], *lv denied* 25 NY3d 992 [Apr. 23, 2015]). Defendant further contends

that he did not understand the consequences of his appeal waiver and it is therefore invalid. While defendant was not required to preserve his challenge to the voluntariness of his appeal waiver (*see People v Crump*, 107 AD3d 1046, 1046-1047 [2013], *lv denied* 21 NY3d 1014 [2013]), we conclude that defendant likewise knowingly, voluntarily and intelligently waived his right to appeal, and that he understood the consequences of the waiver (*see People v Kormos*, 126 AD3d 1039, 1039 [2015]; *People v Sibounhome*, 125 AD3d 1059, 1059-1060 [2015]).

We also find without merit defendant's argument that the funds forfeited as part of his guilty plea should be returned to him due to the People's failure to follow the procedure required by Penal Law § 480.10. As an initial matter, defendant's challenge to the forfeiture is waived both by his written forfeiture stipulation and his valid appeal waiver (*see People v Carbone*, 101 AD3d 1232, 1233 [2012]; *People v Sczepankowski*, 293 AD2d 212, 214-215 [2002], *lv denied* 99 NY2d 564 [2002]; *see also People v Abruzzese*, 30 AD3d 219, 220 [2006], *lv denied* 7 NY3d 784 [2006]). Furthermore, defendant incorrectly argues that this is a criminal forfeiture pursuant to Penal Law § 480.10, although he was clearly advised during his plea colloquy of the civil nature of the forfeiture and he stipulated to a release of the subject funds pursuant to CPLR article 13-A as a negotiated aspect of his plea agreement (*see* CPL 220.50 [6]; *People v Carmichael*, 123 AD3d 1053, 1053 [2014]). Finally, "[d]efendant's valid appeal waiver precludes his argument[ ] that the agreed-upon sentence was harsh and excessive" (*People v Toback*, 125 AD3d at 1061; *see People v Balbuena*, 123 AD3d 1384, 1386 [2014]).

Lahtinen, J.P., Rose and Devine, JJ., concur. Ordered that the judgment is affirmed.