## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 28, 2016                    105398
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                                MEMORANDUM AND ORDER

ARIEL RAMOS,
                    Appellant.
_____


Calendar Date:  December 15, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____


        James P. Milstein, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

_____


Rose, J.

        Appeal from a judgment of the Supreme Court (Teresi, J.), entered October 2, 2012 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sale of a firearm in the third degree.

        Pursuant to a negotiated plea agreement, defendant waived indictment and entered a plea of guilty to criminal sale of a firearm in the third degree as charged in a superior court information.  He also orally waived his right to appeal and signed a written waiver of appeal in open court.  Defendant was then sentenced, as a second felony offender, to a six-year prison term with five years of postrelease supervision, and he now appeals.

Initially, defendant contends that his guilty plea was not voluntary because he felt rushed into the agreement and unprepared for its full consequences. However, defendant failed to preserve this contention for our review by making an appropriate postallocution motion (see People v Vellon, 128 AD3d 1274, 1274 [2015], lv denied 26 NY3d 1043 [2015]). "Moreover, given that defendant did not make any statements inconsistent with his guilt when entering his plea, the narrow exception to the preservation requirement is inapplicable" (People v Royce, 122 AD3d 1008, 1009 [2014] [citation omitted]; see People v Monk, 113 AD3d 999, 1000 [2014], lv denied 23 NY3d 1065 [2014]).

Defendant also contends that his appeal waiver is invalid, citing his confusion regarding its meaning and consequences. While it was unnecessary for defendant to preserve this challenge in order to raise it here (see People v Vellon, 128 AD3d at 1275; People v Crump, 107 AD3d 1046, 1046 [2013], lv denied 21 NY3d 1014 [2013]), we find that Supreme Court's careful instructions, defendant's subsequent execution of a written appeal waiver after conferring with counsel and defendant's own affirmative statements on the record all confirm that the waiver was entered knowingly, voluntarily and intelligently (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Kormos, 126 AD3d 1039, 1039-1040 [2015]; People v Toback, 125 AD3d 1060, 1061 [2015], lv denied 25 NY3d 993 [2015]).

Defendant further contends that, for several reasons, he was deprived of the effective assistance of counsel. However, he did not raise these claims in a postallocution motion so as to preserve them for our review (see People v Saylor, 132 AD3d 1018, 1018 [2015]; People v Lord, 128 AD3d 1277, 1278 [2015]). Moreover, except to the extent that these claims could be construed to have impacted upon the voluntariness of his plea, they are precluded by his valid appeal waiver (see People v Lopez, 6 NY3d at 256; People v Toback, 125 AD3d at 1061; People v Glynn, 73 AD3d 1290, 1291 [2010]). In any event, "nothing in the record casts doubt on the apparent effectiveness of counsel (People v Wares, 124 AD3d 1079, 1080 [2015] [internal quotation marks and citations omitted], lv denied 25 NY3d 993 [2015]; see People v Trimm, 129 AD3d 1215, 1216-2017 [2015]).

Finally, defendant's challenge to the sentence as harsh and excessive is precluded by his valid waiver of appeal (see People v Lopez, 6 NY3d at 256).

Peters, P.J., Garry and Devine, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court