*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 5, 2016                    106167
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

GEOFFREY S. GOLDMAN,
                        Appellant.
_____

Calendar Date:  March 23, 2016

Before:  Peters, P.J., Lahtinen, Rose, Lynch and Aarons, JJ.

_____

        James E. Long, Public Defender, Albany (Theresa M. Suozzi
of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Margaret A. Cieprisz of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of Albany County
(Herrick, J.), rendered December 5, 2011, convicting defendant
upon his plea of guilty of the crimes of grand larceny in the
second degree and scheme to defraud in the first degree.

        In satisfaction of a superior court information, defendant
waived indictment and pleaded guilty to grand larceny in the
second degree and scheme to defraud in the first degree.
Defendant also waived his right to appeal the conviction and
sentence, except with regard to the amount of restitution
imposed.  County Court, in accordance with the plea agreement,
imposed an aggregate prison term of 4 to 12 years.  The court
also ordered restitution in the amount of $5,687,944.06.  This

appeal ensued.

Contrary to defendant's contention, we find that he knowingly, voluntarily and intelligently waived his right to appeal. During the plea colloquy, defendant confirmed his understanding that the right to appeal is separate and distinct from those rights automatically given up by the guilty plea, and he waived his right to appeal both the conviction and sentence imposed with a limited exception allowing him to appeal solely the amount of restitution. Defendant's appeal waiver is, therefore, valid (see People v Phipps, 127 AD3d 1500, 1501 [2015], lv denied 26 NY3d 970 [2015]; People v Morey, 110 AD3d 1378, 1378-1379 [2013], lv denied 23 NY3d 965 [2014]). As such, defendant's challenges to the sufficiency of the plea allocution and the sentence as harsh and excessive are precluded (see People v Jackson, 128 AD3d 1279, 1280 [2015], lv denied 26 NY3d 930 [2015]; People v Bryant, 128 AD3d 1223, 1224-1225 [2015], lv denied 26 NY3d 926 [2015]).

While defendant's challenge to the voluntariness of his plea survives his waiver of the right to appeal, it is nevertheless unpreserved for our review as the record does not reflect that defendant made a postallocution motion in this regard (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Toback, 125 AD3d 1060, 1061 [2015], lv denied 25 NY3d 993 [2015]). Further, the narrow exception to the preservation requirement is not implicated here as defendant made no statements during the plea colloquy that cast doubt on his guilt (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Garry, 133 AD3d 1039, 1039-1040 [2015]; People v Lyman, 119 AD3d 968, 970 [2014]; People v Taylor, 89 AD3d 1143, 1144 [2011]).

Although defendant's assertion that he was denied the effective assistance of counsel survives his appeal waiver to the extent that it implicates the voluntariness of his plea (see People v Toback, 125 AD3d at 1061), it is also not preserved for our review given the absence of a postallocution motion (see People v Bethea, 133 AD3d 1033, 1034 [2015]; People v Jimenez, 96 AD3d 1109, 1110 [2012]). Furthermore, defendant's allegations regarding what defense counsel advised and promised regarding the consequences of the plea, as well as the adequacy of counsel's

preparation and representation, concern matters outside the record and are more properly the subject of a postconviction motion pursuant to CPL article 440 (see People v Garry, 133 AD3d at 1040; People v Clapper, 133 AD3d 1037, 1038 [2015]).

Finally, insofar as defendant contends that he was denied due process by the failure of County Court to hold a restitution hearing, the record does not reflect that any hearing was ever requested. Furthermore, County Court found, upon a review of the documentation filed, that no restitution hearing was required and ordered an amount of restitution to be paid by defendant based upon the detailed restitution figures submitted to the court. At sentencing, County Court acknowledged defendant's disagreement with the methodology used by the People to calculate the amount of restitution, but given defendant's failure to request a restitution hearing or object to the court's determination that a hearing was unnecessary, defendant's argument that County Court should have held a restitution hearing is not preserved (see People v Kim, 91 NY2d 407, 410 [1998]; People v Sparbanie, 110 AD3d 1119, 1120 [2013], lv denied 22 NY3d 1203 [2014]). In any event, were we to consider the issue, we would find that the documentation submitted by the People — which included certain adjustments made in accordance with objections filed by defendant prior to sentencing — provided sufficient evidence to support the amount of restitution imposed. Accordingly, in the absence of a request by defendant for a restitution hearing, County Court did not err in its determination that no hearing was necessary (see Penal Law § 60.27 [2]).

Lahtinen, Rose, Lynch and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court