*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: May 19, 2016                    107339
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                      Respondent,

        v                                    MEMORANDUM AND ORDER

CAL GORDON,
                      Appellant.
_____

Calendar Date:   April 20, 2016

Before:  Lahtinen, J.P., McCarthy, Devine, Clark and Mulvey, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Castleton
(Cynthia Feathers of counsel), for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee
B. Davenport of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Warren County
(Hall Jr., J.), rendered November 7, 2014, convicting defendant
upon his plea of guilty of the crime of criminal sale of a
controlled substance in the second degree.

        Defendant, who was on parole, pleaded guilty to the crime
of criminal sale of a controlled substance in the second degree
in satisfaction of a 35-count indictment that charged him and his
fiancée with numerous crimes in connection with their involvement
in multiple drug transactions.  Pursuant to the plea agreement,
defendant executed a written waiver of appeal in open court.
County Court thereafter sentenced defendant, as a second felony
drug offender previously convicted of a violent felony, to an

agreed-upon prison term of 17 years to be followed by five years of postrelease supervision. County Court also ordered defendant's sentence to run consecutively to any remaining undischarged term of imprisonment that he was required to serve. Defendant now appeals.

We affirm. Contrary to defendant's initial contention, his waiver of the right to appeal was knowing, intelligent and voluntary (see People v Lopez, 6 NY3d 248, 256 [2006]). Defendant, who had extensive prior knowledge of the criminal justice system, was advised during the plea colloquy "that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty," and defendant acknowledged that he was expected to waive that right as a component of the plea agreement (People v Lopez, 6 NY3d at 256; see People v Sanders, 25 NY3d 337, 341-342 [2015]). Defendant then executed a detailed written waiver of the right to appeal and advised County Court that he had only done so after discussing the document with defense counsel. The written waiver and plea colloquy accordingly establish that defendant knowingly and voluntarily waived his right to appeal from his conviction and sentence (see People v Vellon, 128 AD3d 1274, 1274-1275 [2015], lv denied 26 NY3d 1043 [2015]; People v Brown, 125 AD3d 1049, 1049 [2015]). Defendant's valid waiver precludes his further argument that the sentence imposed was harsh and excessive (see People v Toback, 125 AD3d 1060, 1061 [2015], lv denied 25 AD3d 993 [2015]; People v Hopper, 39 AD3d 1030, 1032 [2007]).

Lahtinen, J.P., McCarthy, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court