*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 6, 2016                    107716
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

BARRY M. RENERT,
                        Appellant.
_____

Calendar Date:   September 15, 2016

Before:   Peters, P.J., Egan Jr., Lynch, Rose and Aarons, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Castleton
(Cynthia Feathers of counsel), for appellant.

        John M. Muehl, District Attorney, Cooperstown (Michael F.
Getman of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Otsego County
(Burns, J.), rendered April 3, 2015, convicting defendant upon
his plea of guilty of the crime of burglary in the second degree.

        Defendant pleaded guilty to burglary in the second degree
in satisfaction of a three-count indictment as well as certain
other criminal charges both charged and uncharged and waived his
right to appeal.  Prior to sentencing, defendant moved to
withdraw his plea on the ground that, among other things, his
mental state at the time he entered his plea prevented him from
knowingly, voluntarily and intelligently entering into same.
County Court denied defendant's motion, without a hearing, and he
was subsequently sentenced, in accord with his plea agreement, to

15 years in prison to be followed by three years of postrelease supervision.  Defendant now appeals.

We affirm.  Contrary to defendant's contention, a review of the plea colloquy demonstrates that he validly waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Bethea, 133 AD3d 1033, 1033 [2015], lv denied 27 NY3d 992 [2016]).  Although no written waiver of appeal was executed, County Court engaged in a thorough plea colloquy with defendant adequately informing him of the trial-related rights that he was automatically relinquishing as a result of the guilty plea, and then explaining that, as part of the plea bargain, he was also required to waive his separate right to appeal.  Defendant affirmatively represented that he understood (see People v Scott, 139 AD3d 1266, 1266 [2016], lv denied 27 NY3d 1155 [2016]).  Moreover, upon questioning by County Court, defendant acknowledged that he had ample opportunity to discuss the plea agreement with counsel, he indicated that he was clearheaded and was not taking any medication that prevented him from understanding the proceedings and he offered no other evidence to substantiate his contention that his mental state at the time of his plea prevented him from knowingly and voluntarily entering a plea (see People v Gasparro, 139 AD3d 1247, 1248 [2016], lv denied ___ NY3d ___ [Aug. 17, 2016]; People v Johnson, 77 AD3d 986, 986-987 [2010], lv denied 16 NY3d 743 [2011]).  Given defendant's valid waiver of the right to appeal, he is precluded from arguing that the agreed-upon sentence was harsh and excessive (see People v Gordon, 139 AD3d 1265, 1266 [2016], lv denied ___ NY3d ___ [Aug. 24, 2016]).

Peters, P.J., Egan Jr., Rose and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court