*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017                    107585
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

MICHAEL DOGGETT,
                        Appellant.
_____

Calendar Date:   December 13, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Mulvey, JJ.

_____

        Aaron A. Louridas, Delmar, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L. Grome of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered April 29, 2015, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

        In satisfaction of charged and uncharged accusations that he was involved in the drug trade, defendant waived indictment and pleaded guilty to a superior court information charging him with attempted criminal sale of a controlled substance in the third degree.  Defendant further waived his right to appeal from the conviction and sentence.  He was sentenced, as a second felony offender, to the promised prison term of four years to be followed by two years of postrelease supervision.  Defendant appeals, and we now affirm.

As an initial matter, defendant knowingly and intelligently waived his right to appeal. County Court advised defendant during the plea colloquy that, while he would ordinarily retain the right to appeal to a higher court after pleading guilty, he would be expected to give up that right so long as the sentence imposed was the one contemplated by the plea agreement. Defendant stated that he understood and agreed to waive his right to appeal. He then conferred with defense counsel and executed a detailed written waiver in open court that he acknowledged he understood. Therefore, "in view of the whole colloquy, particularly given this defendant's background, including his extensive experience with the criminal justice system and multiple prior guilty pleas that resulted in terms of" incarceration, we find that his appeal waiver was valid (People v Sanders, 25 NY3d 337, 342 [2015]; see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Toledo, 144 AD3d 1332, 1332-1333 [2016]).

Defendant next contends that the voluntariness of his guilty plea was impaired by the deficient performance of defense counsel but, while that challenge survives his appeal waiver, it is unpreserved for our review due to his failure to make an appropriate postallocution motion (see People v Williams, 27 NY3d 212, 214 [2016]; People v Toledo, 144 AD3d at 1333). In any case, to the extent that his claim is not belied by the record, it involves "matters that are outside the record on appeal, such as what counsel advised him or investigated, [that are] more properly raised in a motion to vacate pursuant to CPL article 440" (People v Taylor, 144 AD3d 1317, 1318 [2016]; see People v Hughes, 134 AD3d 1301, 1302 [2015], lv denied 27 NY3d 966 [2016]).

Finally, defendant's valid appeal waiver precludes him from arguing that the agreed-upon sentence was harsh and excessive (see People v Lopez, 6 NY3d at 255; People v Renert, 143 AD3d 1016, 1017 [2016]).

Peters, P.J., Garry, Rose and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court