■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TARVER, Appellant. [50 NYS3d 310]—

Appeal from a judgment of the County Court of Albany County (McDonough, J.), rendered July 29, 2014, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant pleaded guilty to the single-count indictment charging him with burglary in the second degree and waived his right to appeal. Defendant was sentenced to seven years in prison followed by five years of postrelease supervision. Defendant appeals, solely contending that the sentence imposed was harsh and excessive.

Contrary to the People's assertion, it was improper for County Court to require defendant to waive his right to appeal, as the record establishes that "there was no promise, plea agreement, reduced charge, or any other bargain or consideration given to . . . defendant in exchange for his plea" (*People v Nicelli*, 74 AD3d 1235, 1236-1237 [2010]; *see People v Crump*, 107 AD3d 1046, 1047 [2013], *lv denied* 21 NY3d 1014 [2013]). As such, defendant's challenge to the sentence is not precluded. Nevertheless, we are unpersuaded by defendant's contention that the sentence imposed was harsh and excessive. The record reflects that County Court considered appropriate factors in rendering the sentence and the sentence was within the permissible statutory range (*see* Penal Law § 70.02 [1] [b]; [3] [b]). As we find no abuse of discretion by the court nor any extraordinary circumstances warranting a reduction of the sentence imposed, it will not be disturbed (*see People v Crump*, 107 AD3d at 1047).

McCarthy, J.P., Garry, Egan Jr., Clark and Aarons, JJ., concur. Ordered that the judgment is affirmed.