THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
BOBBIE JO ZELLER, Appellant. [60 NYS3d 588]—

Mulvey, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 5, 2015, convicting defendant upon her plea of guilty of the crimes of grand larceny in the second degree and grand larceny in the third degree.

In satisfaction of a multicount indictment, defendant pleaded guilty to grand larceny in the second degree and grand larceny in the third degree and waived her right to appeal both orally and in writing. Pursuant to the plea bargain, defendant agreed to withdraw her appeal from a judgment of conviction rendered after a jury verdict under a separate indictment and waive her right to appeal from that judgment, and she executed a written withdrawal and a waiver with respect thereto. Thereafter, County Court sentenced defendant, as a second felony offender, to an aggregate prison term of 5 to 10 years, to run consecutively to the sentence imposed under the separate indictment. Defendant appeals, and we now affirm.

Contrary to defendant's contention, her waiver of the right to appeal from the instant guilty plea convictions and sentence was knowing, voluntary and intelligent (*see People v Sanders*, 25 NY3d 337, 340-341 [2015]; *People v Lopez*, 6 NY3d 248, 256 [2006]). During the plea colloquy, County Court clearly stated the terms of the plea agreement and ascertained that defendant understood the terms and agreed to waive her right to appeal as a condition of the plea bargain (*see People v Belile*, 137 AD3d 1460, 1461 [2016]; *People v Hernandez*, 114 AD3d 999, 999 [2014]). County Court expressly advised defendant that the waiver of her right to appeal was separate and distinct from those rights that she automatically forfeited by her guilty plea and explained the appellate rights that could not be waived (*see People v Rushlow*, 137 AD3d 1482, 1483 [2016]; *People v Belile*, 137 AD3d at 1461; *People v McKenzie*, 136 AD3d 1120, 1121 [2016], *lv denied* 27 NY3d 1002 [2016]). Defendant also executed a written waiver in open court, which adequately described the scope of the appellate rights being waived and indicated that defendant had sufficient time to discuss the waiver with counsel (*see People v Belile*, 137 AD3d at 1461; *People v McKenzie*, 136 AD3d at 1121). "While the better practice would have been for the court to specifically ask defendant if [she] had discussed the appeal waiver with counsel and establish that [she] had read the written waiver before signing it, considering all of the relevant facts and circum-

stances surrounding the waiver, including defendant's experience, we are satisfied that the oral colloquy, combined with the written waiver, demonstrate [her] understanding and voluntary waiver of [her] right to appeal" (*People v Lester*, 141 AD3d 951, 953 [2016] [internal quotation marks and citation omitted], *lv denied* 28 NY3d 1185 [2017]; *accord People v Empey*, 144 AD3d 1201, 1203 [2016], *lv denied* 28 NY3d 1144 [2017]; *People v Belile*, 137 AD3d at 1461).

In addition, contrary to defendant's contention, County Court properly distinguished the appeal waiver from the rights that defendant was forgoing by waiving her right to appeal with respect to her jury convictions rendered under the separate indictment, and the record does not indicate that defendant was confused in any manner as to those two waivers. Given defendant's valid appeal waiver, she is precluded from challenging the sentence imposed as harsh and excessive (*see People v Ortiz*, 148 AD3d 1291, 1292 [2017]; *People v Doggett*, 146 AD3d 1172, 1173 [2017], *lv denied* 29 NY3d 1031 [2017]; *People v Belile*, 137 AD3d at 1461).

McCarthy, J.P., Egan Jr., Lynch and Rose, JJ., concur. Ordered that the judgment is affirmed.