People v Rutigliano (2018 NY Slip Op 02218)





People v Rutigliano


2018 NY Slip Op 02218


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

108536

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DANIELLE RUTIGLIANO, Appellant.

Calendar Date: February 21, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Brian M. Quinn, Albany, for appellant.
Karen Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered April 21, 2016, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the second degree.
In satisfaction of a 10-count indictment and another pending charge, defendant pleaded guilty to criminal possession of a controlled substance in the second degree and waived her right to appeal. County Court thereafter sentenced her, as a second felony offender, to 10 years in prison, to be followed by five years of postrelease supervision. Defendant now appeals.
We affirm. Initially, we reject defendant's claim that her waiver of the right to appeal was invalid. County Court explained that the right to appeal was separate and distinct from the rights forfeited by a guilty plea, and the record reflects that defendant executed a written appeal waiver and acknowledged that she had discussed the waiver with counsel and understood it. Accordingly, we find that defendant's appeal waiver was knowing, intelligent and voluntary (see People v Baxter, 154 AD3d 1010, 1011 [2017]; People v Hess, 150 AD3d 1560, 1560 [2017]). Defendant's valid waiver of the right to appeal precludes her challenge to the severity of her sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Weir, 155 AD3d 1190, 1191 [2017]).
Defendant's contention that her plea was involuntary because it was coerced survives [*2]her appeal waiver but is not preserved for our review, as there is no indication in the record that she made an appropriate postallocution motion (see People v Jones, 155 AD3d 1103, 1106 [2017], lv denied 30 NY3d 1106 [2018]; People v Williams, 150 AD3d 1549, 1550 [2017]). Even assuming that defendant's statements made at the outset of the plea colloquy implicated the voluntariness of her plea and therefore triggered the narrow exception to the preservation rule (see People v Lopez, 71 NY2d 662, 666 [1988]), defendant thereafter consulted with counsel, and County Court conducted a satisfactory inquiry to ensure that defendant was entering her plea knowingly, intelligently and voluntarily (see People v Easter, 122 AD3d 1073, 1073-1074 [2014], lv denied 24 NY3d 1219 [2015]; People v Goodell, 104 AD3d 1026, 1026 [2013], lv denied 22 NY3d 1138 [2014]).
As to defendant's claim of ineffective assistance of counsel, her "challenges to counsel's motion practice and discovery efforts were forfeited by [her] guilty plea" (People v Trombley, 91 AD3d 1197, 1201 [2012], lv denied 21 NY3d 914 [2013]; accord People v Kormos, 126 AD3d 1039, 1040 [2015]). To the extent that her ineffective assistance claim impacts the voluntariness of the plea, it is unpreserved in light of the lack of an appropriate postallocution motion (see People v Dolberry, 147 AD3d 1149, 1150 [2017], lv denied 29 NY3d 1078 [2017]; People v Islam, 134 AD3d 1348, 1349 [2015]). The balance of defendant's ineffective assistance of counsel claim concerns matters outside of the record and is more appropriately addressed in a CPL article 440 motion (see People v Doggett, 146 AD3d 1172, 1173 [2017], lv denied 29 NY3d 1031 [2017]; People v Goldman, 139 AD3d 1111, 1112 [2016], lv denied 28 NY3d 970 [2016]).
McCarthy, J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.