People v Edwards (2018 NY Slip Op 02833)





People v Edwards


2018 NY Slip Op 02833


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

107692

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
HENRY EDWARDS, Appellant.

Calendar Date: March 26, 2018

Before: Devine, J.P., Mulvey, Aarons and Pritzker, JJ.


Linda B. Johnson, East Greenbush, for appellant.
Joel E. Abelove, District Attorney, Troy (Nicholas W. Dorando of counsel), for respondent.


Devine, J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered January 14, 2015, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant was charged in an indictment with criminal sale of a controlled substance in the first degree. He entered a guilty plea to the reduced charge of criminal sale of a controlled substance in the third degree and waived his right to appeal upon the understanding that he would be sentenced to six years in prison followed by two years of postrelease supervision. County Court imposed the agreed-upon sentence, and this appeal by defendant ensued.
Initially, defendant's challenge to the validity of his waiver of the right to appeal is unpersuasive. During the plea colloquy, County Court explained that the waiver of the right to appeal was separate and distinct from the trial-related rights that defendant was forfeiting by pleading guilty. Defendant confirmed that he understood and, after conferring with counsel, executed a detailed written waiver in open court. Inasmuch as "the oral colloquy, combined with the written waiver, demonstrate his understanding and voluntary waiver of his right to appeal," defendant's challenge to the severity of the agreed-upon sentence imposed is precluded (People v Gagnon, 153 AD3d 1451, 1452 [2017] [internal quotation marks and citations omitted]; see People v Zeller, 153 AD3d 1049, 1050-1051 [2017]).
Although defendant's challenge to the voluntariness of his plea survives his valid appeal [*2]waiver, it is unpreserved for our review in the absence of an appropriate postallocution motion (see People v McRae, 150 AD3d 1328, 1329 [2017], lv denied 29 NY3d 1093 [2017]; People v Bonds, 148 AD3d 1304, 1305 [2017], lvs denied 29 NY3d 1076, 1081 [2017])[FN1]. The plea colloquy does not, contrary to defendant's contention, contain anything that would bring this case within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v LaSanta, 158 AD3d 897, 897 [2018]). Were we to reach this issue, we would find defendant's argument to be unavailing (see People v White, 153 AD3d 1041, 1042 [2017]). His ineffective assistance of counsel claim also survives his appeal waiver to the extent that it impacts upon the voluntariness of his guilty plea, but is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Young, 158 AD3d 955, 956 [2018]; People v Williams, 150 AD3d 1549, 1551 [2017]). Accordingly, the judgment of conviction is affirmed.
Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Notably, defendant stressed at his sentencing that he did not wish to withdraw his plea.