People v Sanchez (2018 NY Slip Op 06155)





People v Sanchez


2018 NY Slip Op 06155


Decided on September 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 20, 2018

108790

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHRISTOPHER SANCHEZ, Appellant.

Calendar Date: August 6, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Jane M. Bloom, Monticello, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered September 2, 2016, convicting defendant upon his plea of guilty of the crime of aggravated harassment of an employee by an inmate in the first degree.
Defendant was charged by indictment with aggravated harassment of an employee by an inmate in the first degree as a result of an incident in which he threw urine at a correction officer. Following plea negotiations in which County Court rejected the People's recommended sentence of 1½ to 3 years, defendant pleaded guilty to the charge in exchange for the court's promise to sentence him, as a second felony offender, to a prison term of 2½ to 5 years, to be served consecutively to the prison sentence that he was then serving. As part of the agreement, the court agreed not to consider persistent felony offender sentencing,[FN1] and defendant waived his right to appeal. The court advised defendant that it would honor the terms of the agreement provided that, among other conditions, he truthfully answer questions posed to him and not contradict his plea admissions during the Probation Department interview. The court warned him that if he did not abide by the conditions, it could impose an enhanced sentence of up to life in prison, which he had been advised was the maximum sentence if he were determined to be a persistent felony offender.
After reviewing the presentence report prepared in connection with defendant's impending sentencing, County Court concluded that he had apparently violated the sentencing conditions and that it was considering an enhanced sentence. The court thereafter conducted an Outley hearing (People v Outley, 80 NY2d 702 [1993]) at which the interviewing probation officer who prepared the presentence report testified. The court found that, despite being appropriately admonished, defendant had violated the conditions of the agreement by providing untruthful and contradictory statements to the probation officer in that he had denied throwing urine at the correction officer and, instead, claimed that he had thrown milk at her because it was rotten. At sentencing, the court imposed the promised prison sentence of 2½ to 5 years, as an [*2]admitted second felony offender, and issued an order of protection in favor of the victim. With regard to defendant's violation of the plea terms, the court declined to consider persistent felony sentencing but enhanced the sentence by imposing a fine of $5,000. Defendant now appeals from the judgment of conviction.[FN2]
We affirm. Defendant's contention that the agreed-upon prison sentence is harsh and excessive is precluded by his unchallenged valid oral and written waiver of appeal (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Rogers, 162 AD3d 1410, 1410 [2018]). We note that, while the promised sentence was the maximum second felony offender prison sentence for this crime (see Penal Law §§ 70.06 [3] [e]; 240.32), defendant received a benefit in exchange for his guilty plea in that County Court agreed not to pursue persistent felony offender sentencing and, thus, the waiver of appeal is enforceable (see People v Tarver, 149 AD3d 1350, 1350 [2017]). However, the $5,000 fine was not part of the plea agreement and was instead imposed as an enhancement. Defendant was never specifically advised that, if he violated the conditions of the plea agreement, the court could impose a fine, or the amount of any potential fine, as part of the sentence (see Penal Law § 80.00 [1] [a])[FN3]. Thus, we find that defendant's appeal waiver does not preclude his challenge to the fine as harsh and excessive (see People v Long, 117 AD3d 1326, 1327 [2014], lv denied 24 NY3d 1003 [2014]; cf. People v Brown, 163 AD3d 1269, 1269-1270 [2018]; People v Garrow, 147 AD3d 1160, 1162 [2017). Nonetheless, given defendant's violent criminal history, his untruthfulness during the probation interview and lack of remorse for his crime, and the contempt that he exhibited for the victim at sentencing, and after taking into consideration the mitigating factors cited by defendant including his mental health history, we do not find that the court abused its discretion in imposing a $5,000 fine as part of the sentence (see People v Oliver, 276 AD2d 930, 931 [2000]). We have examined defendant's remaining claims and determined that none has merit.
Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant had prior felony convictions in 2011 and 2014.

Footnote 2: The record reflects that, subsequent to sentencing, defendant moved to defer payment of the fine, which County Court denied. Defendant did not file a notice of appeal with regard to that order, which therefore is not properly before us.

Footnote 3: While defendant did not object at sentencing to the imposition of the fine, we find that, under the circumstances, he had no practical ability to object, such that preservation was not required (see People v Williams, 27 NY3d 212, 220-221 [2016]; People v Peque, 22 NY3d 168, 182-183 [2013]). Although this potential fine was mentioned at the earlier appearance at which an Outley hearing was scheduled, it was not mentioned again until the very end of the sentencing proceedings.