People v Smith (2018 NY Slip Op 06370)





People v Smith


2018 NY Slip Op 06370


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


942 KA 17-01367

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAYMOND SMITH, DEFENDANT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered March 9, 2017. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law
§ 125.25 [1]). Contrary to defendant's contention, we conclude that his waiver of the right to appeal during the plea colloquy was valid (see generally People v Sanders, 25 NY3d 337, 340-341 [2015]). The fact that the appeal waiver was not reduced to writing is of no moment where, as here, the oral waiver was adequate (see People v Handly, 122 AD3d 1007, 1008 [3d Dept 2014]; see also People v Renert, 143 AD3d 1016, 1016-1017 [3d Dept 2016], lv denied 28 NY3d 1126 [2016]). Further, while it may have been the better practice for County Court to ask defendant whether he discussed the appeal waiver with defense counsel (see People v Lester, 141 AD3d 951, 953 [3d Dept 2016], lv denied 28 NY3d 1185 [2017]; People v Belile, 137 AD3d 1460, 1461 [3d Dept 2016]), the court was not required to engage in any particular litany and, based on "all of the relevant factors surrounding the waiver," we conclude that the record established defendant's knowing, voluntary and intelligent waiver of the right to appeal (Sanders, 25 NY3d at 341).
The valid waiver of the right to appeal encompasses defendant's challenge to the factual sufficiency of the plea allocution (see People v Oswold, 151 AD3d 1756, 1756 [4th Dept 2017], lv denied 29 NY3d 1131 [2017]; People v McCrea, 140 AD3d 1655, 1655 [4th Dept 2016], lv denied 28 NY3d 933 [2016]), and his contention that the sentence is unduly harsh and severe (see People v Lococo, 92 NY2d 825, 827 [1998]). Finally, by pleading guilty, defendant forfeited his challenge to the court's Sandoval ruling (see People v Ingram, 128 AD3d 1404, 1404 [4th Dept 2015], lv denied 25 NY3d 1202 [2015]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court