People v Porter (2019 NY Slip Op 00501)





People v Porter


2019 NY Slip Op 00501


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

108923

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
LATOYA PORTER, Appellant.

Calendar Date: January 4, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


John R. Trice, Elmira, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered October 7, 2016, convicting defendant upon her plea of guilty of the crime of attempted murder in the second degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to attempted murder in the second degree with the understanding that there would be a sentencing cap of 11 years in prison followed by five years of postrelease supervision. The plea stemmed from an incident wherein defendant fired multiple shots at a 17-year-old alleged gang member in an effort "to teach the gang members a lesson." Defendant and her attorney each asked for leniency prior to sentencing, citing, among other things, defendant's abusive childhood, mental health issues and efforts to protect her children from being terrorized by a local street gang. In response, the People noted that defendant fired multiple shots at the victim on a residential street in the middle of the afternoon and asked that County Court impose a prison term of not less than 10 years. County Court thereafter sentenced defendant to a prison term of nine years followed by five years of postrelease supervision. Defendant now appeals, arguing that the sentence imposed is harsh and excessive.
We affirm. "A sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Stone, 164 AD3d 1577, 1578 [2018] [internal quotation marks and citations omitted]; accord People v Westmoreland, 164 AD3d 1550, 1550 [2018]). Defendant was convicted of a class B violent felony for which she could have received a prison term ranging from 5 to 25 years (see Penal Law §§ 70.02 [1] [a]; [3] [a]; 110.00, 110.05 [3]; 125.25 [1]). Despite the presence of certain mitigating factors, which County Court duly considered, we are not persuaded that the prison term imposed, which was "consistent with the terms of defendant's favorable plea agreement and fell toward the lower end of the statutory range" (People v Westmoreland, 164 AD3d at 1550), is harsh and excessive, particularly as the photographic evidence in the record depicts defendant firing her weapon feet [*2]away from the teenage victim as he attempted to flee (see e.g. People v Tschorn, 164 AD3d 970, 971 [2018]). As we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence imposed, it will not be disturbed (see e.g. People v Crump, 107 AD3d 1046, 1047 [2013], lv denied 21 NY3d 1014 [2013]).
Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.